I'm happy to see our argument in our last case, Pinckney v. Clarke. Thank you, Your Honor. My name is Matthew Dolgan. I'm a senior assistant attorney general appearing this morning on behalf of the respondent out at the Lee, Mr. Clarke. Respondent contends, Your Honor, that the district court erred in granting relief. We've detailed in the brief several particulars in which we contend the district court erred, but most significantly, perhaps, erred in basing relief on decisions that were not clearly established by federal law at the time of the state habeas decision. When Mr. Pinckney brought his state habeas petition, he relied heavily on footnote 9 in the Miller case, which noted that other states' statutes, according to filings by the states in that case, had the same sort of mandatory provisions as were at issue in Alabama and Arkansas. The pleading included in the 26 states Alabama cited as Virginia. Having the same sort of statute. And Mr. Pinckney's argument in the state habeas court was that because of that deficiency and because he contended the trial court was, by statute, unable to consider or give effect to any mitigating evidence he might put on, Virginia suffered from the same problem identified in Miller and that his sentence was unconstitutional. In fact, he was mistaken. Virginia's statute is not the same as the statute at issue in Miller, and this circuit court had the opportunity to hear his mitigating evidence, including his age and other particulars disclosed in the pre-sentence report, in a psychological report, and detailed her consideration of this evidence and that the sentence of life was not mandated but appropriate after having considered all that evidence. In other words, Virginia was not a state that sentencing structure suffered from the same constitutional infirmity identified in Miller. But that was over the objection of the state, right, at that time? The state had contended that it was mandate. Mr. Pinckney at that time was arguing that the court did have discretion, and based on his argument that they had discretion and based on her observation that because it was a capital case and because she wanted to be sure she gave every fair opportunity to the defendant, granted his continuance for the specific purpose of getting the psychological evaluation from Dr. Mills and submitting that, which was submitted and which she expressly  Well, but I thought that the gist of your argument here was that all that Mr. Pinckney was asserting was the argument about whether, in fact, this was mandatory or not, right? Right. But, in fact, he goes through the Miller factors. I mean, if you go look at this opinion, he talks about it being unconstitutional pursuant to Miller and that the judge should, could not consider any mitigating factors. And he goes through the mitigating factors. He lists the four factors from Miller. And in the relief requested, he asked the court to consider the mitigating factors. So he didn't, he did even at the State court habeas claim make an argument with respect to those factors, right? My reading of the pleadings at that point, Your Honor, and every pleading he's submitted since then, was that that was the relief he asked for because he contended that under Virginia statutes, or at least under Virginia statute and civil Jones decision, the court was prohibited from doing those things. Your argument is all about whether or not he's preserved this argument, right? Whether he made the argument below. Made the argument below or in the Federal district court. Yeah. But all along, for example, he doesn't just put it in his conclusion, but he says because Miller requires the court must consider mitigating qualities of use, and because the trial court had no such discretion to consider such factors in sentencing Petitioner Miller, Mr. Pickney is entitled to a new sentencing hearing. And so, in other words, what I thought that your whole, and maybe I've misunderstood your argument here, I thought your whole argument before us was he cannot, or at least one of your arguments, is that he cannot make the argument he's making now because he didn't make it at the habeas court. Yes, that is one of our arguments, yes. And I was just saying, of course, you're absolutely right, it wasn't his principal argument, but it seems to me he's done enough to preserve the argument. I observe, and we've done this in more detail in the brief, but let me reference that making it his prayer for relief does not show that he made it as part of his claim. That wasn't a prayer for relief. That was the third. That he asked for a resentencing hearing I thought you were referencing. No. It's his third substantive argument, the third. I thought your argument was that with respect to the failure to preserve, that where he made the argument, particularly in the state habeas petition, his contention was that the reason the district court could not consider mitigating circumstances, which it obviously did, was that this mandatory sentence of life without parole prohibited that. And if, as in the Virginia Supreme Court's decision in Jones, confirmed that the court did have discretion, that all of those considerations that Judge Motz just read were tied to his contention that the reason the court couldn't consider it was because it was a mandatory sentence. And if that premise is wrong, then he would not have made the argument. He would not have made the argument that he appears to make now. Well, I think that was his premise, that it was a mandatory sentence and that there mitigating evidence, and that that is a misstatement of Virginia law. And he lost on that point. That was the state habeas court's finding that under the two statutes cited, she did have authority, recognized the authority, exercised her authority to consider the mitigating evidence, and nevertheless found life sentences appropriate. So let me restate it. Your contention would be that Mr. Pinkney did not make a freestanding argument for a particular type of proceeding separate and apart from saying it's a mandatory sentence, therefore there's no discretion. Yes. Well, what I think I referred to at one point in the briefing was an adequacy claim. He at no point challenged whether the nature of the hearing and evidence and consideration given him in the sentencing in the state circuit court was adequate or sufficient under Miller. His argument prior to Montgomery being cited, even through the federal court, was simply that the statutes were the same as found in Furman Miller, and therefore his sentencing was invalid and he should have a new sentence at which he would have the mitigating evidence considered and given effect. Did the circuit court actually rule on that contention, that is, whether or not it had the authority to consider the evidence, or simply by implication there was a ruling because the judge allowed evidence to be admitted on that issue? Well, the circuit court sitting as the trial and sentencing court did not specifically rule on that. The same judge heard the state habeas proceedings and in her state habeas order found specifically that she had and recognized and exercised that discretion and authority. And the district court judge in overruling the third objection to the magistrate judge's report also found that the circuit court judge understood she had the authority. I'm just wondering whether Petitioner, I guess it doesn't matter, if they didn't make the argument they didn't make it, but perhaps Petitioner may have understood that by not saying explicitly that there was this right to present the evidence that the court had ruled against him in that case. Does that make any sense? I understand the question, I think, Your Honor. I don't think that, and the district court didn't either, think that's a fair reading of what the sentencing court did. But despite their not ruling specifically, she stated that because it's a capital case, she wanted to give him fairness. She gave him the continuance for the purpose of bringing forward mitigating evidence. That would have been a useless effort if she wasn't able to consider and at least potentially give it some effect. She doesn't say that she's going to go through the factors, right, in the sentence? She does not list any specific, well, she does, excuse me, she does list that she considered his background, that she considered his records, she considered other factors. She does say specifically in her sentencing allocation. So what I'm trying to do is to tease out how we apply a procedural bar. And I thought we applied it to claims rather than specific issues within claims. Now, she surely made a Miller argument. There's no doubt about that. Miller has these two parts, the Supreme Court told us, in right in Miller. And so she had to get by the first part to get to the second. And so I'm just wondering if you have cases that sort of tell us, delineate this line between failing to bring a claim and failing to present an argument about a claim. I don't have any cases to cite to you this morning to make that delineation, Your Honor. Our point. I mean, there's no contention by the State here that she didn't make a Miller argument. You just say that she only relied on one part of Miller and not the second thing. I'm not sure which. Well. Who didn't make a Miller argument? I'm sorry. You said she. I'm sorry. The petitioner here. Yes. Yes. The premise of his petition in the State and Federal Court was Miller, certainly. Right. And Justice Kagan tells us in Miller that Miller has two strands, right? Yes. And the first strand is the one that certainly was the focus of this brief. But the second, the focus of the petitioner's claim below, that the second strand is the consideration of the mitigating qualities of you. We insist that there be individual sentencing. So that's right in Miller. That wasn't something that came later.  Yes, Your Honor. But in Miller, it was the reason for reaching the holding that precluding the consideration mitigation was unconstitutional. Our contention is that nothing in the State habeas or the original Federal habeas petition made an argument that challenged whether her holding or consideration of the evidence, receiving the evidence, and ultimate sentencing decision was insufficient or inadequate under Miller. The only argument was that she could, by operation of law, not give effect to it. I'll just touch before. Aren't there cases, and I don't recall whether or not you cited these in your brief or otherwise, and they may not be cases in this circuit, but aren't there cases in the context of ineffective assistance of counsel where a petitioner argues for one theory of ineffectiveness and then changes his theory, subsequently in courts have said, you can't do that. If you're going to preserve a claim and avoid the procedural bar or a bar in general, you've got to set out the claims specifically. Your Honor, I have not cited any of those in my briefs to my recollection, but I think that is an accurate statement of law. If the nature of the ineffective assistance shifts later on, it's not exhausted. I had reserved the balance of my time for rebuttal. If there are other questions at this point, I'd be glad to answer them. Otherwise, I'll reserve the balance of my time. Thank you very much. Thank you. Good morning, Your Honors. May it please the Court. My name is Leslie Sousan. I'm with the law firm of Thompson-Hein. And I'm here with my co-counsel, J.A. Schneider, also of Thompson-Hein, and Jennifer Stanton, who's the Deputy Capital Defender of the Southeast Region. I want to just jump right in. We represent, obviously, Mr. Pinckney and his habeas petition. I want to jump right in to the last question that was posed by Judge Diaz. Specifically, the standard about whether or not a petitioner has fairly presented the claim. And here, the question that Your Honors have been asking is whether or not Mr. Pinckney raised the issue of the sufficiency of his hearing. So the standard is whether the petitioner fairly presented the substance of his claim to the state's highest court. And the reason that is the standard is the state's highest court has to have the opportunity to address the issues. So that is the standard that we're dealing with. And here, Mr. Pinckney absolutely, without question, raised the sufficiency of his hearing. It's all over the record, as Judge Mott has pointed out. Well, why don't you point us out the places that you say that's so clear. Sure. In the habeas petition and brief in support filed in the Circuit Court of Prince William County, that's at Joint Appendix 444, Mr. Pinckney asked the court to grant his petition for writ of habeas corpus and order a new sentencing proceeding in which the judge shall consider mitigating factors of use as required by Miller v. Alabama. Well, but that's in the context of arguing that the court was barred in considering those factors. This was never an either-or proposition. Mr. Pinckney never took the position that, well, let me back up. What Miller says, it's a two-pronged test, and what Miller says. Well, it's clear it's a two-pronged test after Montgomery. I'm not so sure it was clear in the interim. Miller's holding establishes, and I'll tell you the exact page numbers in Miller where it says this. And Judge Allen of the district court got this right when she explained this in her opinion. Miller says that first the court must consider whether the state statute mandated a sentence of life imprisonment without parole. If it does, the statute is unconstitutional in the wake of Miller. And that's Miller 2457-58, and that's in the district court's opinion at Joint Appendix 706. Then what Miller says, and Judge Allen explained this further, if the statute does not mandate a life sentence without parole, the court must determine whether the trial court undertook a demanding individualized sentencing procedure before imposing life without parole on a juvenile. And the district court cites Miller 2467. And specifically ---- You're sort of mixing up the arguments here as I see it, because the district court is addressing there this, I guess is the basic contention here, is that there's this stand-alone argument separate and apart from a mandatory life sentence without parole. And the opposing counsel didn't get to this part of his argument. But that's all done in the context of, as the district court put it repeatedly, clarification by Montgomery, which was not the law at the time that the state habeas court heard the petition. So you're back to, well, what does Miller require and what did this petitioner present? So when I read through the state habeas petition, there are places where he talks about the need to consider the mitigating evidence. But it looks like to me, in every one of those circumstances, it's done in the specific context of the court couldn't do that because Virginia requires mandatory life without parole, which turned out to be an incorrect argument. Mr. Pinckney never said ---- it was never an either-or proposition. Mr. Pinckney never said in his petition, if you don't find that the Virginia sentencing scheme is mandatory and instead find that it's discretionary, I don't have a Miller claim. Mr. Pinckney never said that. I don't see how he could say that. I mean, it just flows logically from a contention that the matter is not discretionary, and the relief that flows from that necessarily is a sentencing hearing. But that's not the same as arguing that this particular sentencing hearing was deficient. And Mr. Pinckney did argue that as well. I'm going to point you to the record, specifically Joint Appendix 429 in Mr. Pinckney's habeas petition. And Mr. Pinckney said, pointed to specific evidence that he thought the judge should have considered, and specifically his potential for diminished culpability or his capacity for moral and intellectual growth. Where is that, 429? That's 429, Joint Appendix 429. He also said that ---- or his capacity for moral and intellectual growth, et cetera, et cetera. Well, that turned out to be wrong. The court was allowed to consider that. And they let in all kinds of mitigating evidence. There's a difference between ---- Whatever Mr. Pinckney wanted to put on. There's a difference between evidence and mitigation and evidence that is required by Miller.  There's a difference between your representation of the court that says the trial judge was not allowed to consider versus the court did not consider. This is true. But at the end of the day, there is a difference between those two statements. But at the end of the day, the court did not consider it. The district court judge, Judge Allen, reviewed the transcript of the sentencing hearing. And also, the judge who was the judge for Mr. Pinckney at his sentencing was the same judge who ruled on his State Habeas Petition. And the judge who ruled on his State Habeas Petition specifically said what it was that she considered. And what she did not consider is obvious. And what she did not consider specifically, and this is what the district court judge emphasizes, is required by Miller. It's the process, and as I articulated expressly in Miller, whether Mr. Pinckney failed to appreciate risks and consequences, the effect of peer pressure, and specifically he was a teenager with a girlfriend who was six years his senior, and the possibility of rehabilitation. And those are not items that are discretionary in terms of whether or not the judge can or does not have to consider them. Miller says. Where did you alert the circuit judge to the fact that she was in error for not considering that? At page, the site, let me just see, go back to where, the site that I just gave you, which is 429. Page 429 of the joint appendix. And again, Judge Agee pointed out that all that says is that the judge was not allowed, not that the judge didn't in the face of a proffer. Right, but here's the Miller standard. The Miller standard is all along Mr. Pinckney has been saying I need a Miller sentencing hearing. I need a sentencing hearing that is compliant with Miller. That is what Mr. Pinckney has been saying all along. Now at the time, at the time that Mr. Pinckney filed his petition, it's very important for your honors to recognize that the United States Supreme Court said that Virginia was a state that was, had a mandatory sentencing scheme. It was identified. And the Supreme Court said in Miller that we must abide by what the state Supreme Court says is the law of that state. And the Supreme Court of Virginia says that the law is and has been for decades that the court had discretion. You mean, in Jones, are you referring to your honor? Well, Jones clarified that, but that was not a representation that this is new law. That has always been the law of Virginia. I understand. So that footnote in Miller doesn't help you. Well, it helps in the sense that from Mr. Pinckney's perspective, whether or not the basis for his argument that he did not get a Miller-compliant hearing is, at the end of the day, he did not get a Miller-compliant hearing. And he addressed very specifically, and the district court recognized, that there were items required by Miller that were not considered by this sentencing judge. So the basis or the reason why the sentencing judge failed to do that, at the end of the day, it's not the bottom-line question. The bottom-line question is, Mr. Pinckney preserved the issue. He asked for sentencing that was compliant with Miller. Well, what do you say that was proffered to the district court, I mean to the sentencing court, the circuit court in Virginia? What was proffered to the court that it did not consider? On page, when you're saying what was proffered in, for example, the pre-sentence report? Well, Mr. Pinckney put on all kinds of mitigating evidence. I understand, Your Honor, and then there's a collapsing. Which would appear to have included, including in the pre-sentence report, just about everything that's listed here on page 429. And the circuit court said it considered all of that evidence. It didn't go through with a laundry list that, after Montgomery, ticks off the blocks in Miller. But I think you've got to represent what did you show the state circuit court that it did not consider. I think that the issue, there's a difference between what was proffered and what the court is required to consider. So Miller does not stand for the proposition that sentencing courts, you only have to consider these Miller factors if the defendant gives them to you. What Miller says is you must, before you can sentence a child, a juvenile, you must do this. You must consider these issues. So the question about what he proffered or not then would shift that burden. And that is not what Miller says. Miller requires that the court actively take it upon itself to consider these issues. And the district court here said this court did not do that. And how do we know that? We know that because it's the same judge who sentenced Mr. Pinckney, who ruled on his Habeas petition. And at the time that she ruled on his Habeas petition, she had the benefit, she was looking at Miller, knew what the Miller factors were, and she said what she considered and what was omitted from what she considered were these three items that the district court said you had to consider them, you didn't, it was insufficient, he's entitled to a new sentencing hearing. Are you familiar with any of the cases that the Supreme Court has sent back in light of Miller? The Supreme Court sends multiple cases back. And are you familiar with the concurrences that were written with respect to them? Well, I am and I can't, if Your Honor is referring to something specifically. Well, there is a fair amount of discussion in them and by Justice Sotomayor, which talks about transcripts that look a lot like the transcripts here in which the court apparently has decided that the claim was preserved. Right. There's no question here that the claim was preserved. Well, I think there is a question in the minds of the court. I know that's your position. Right. So I guess that anything else you have to tell us about that would be helpful to you. Well, I think that the issue when you're looking at whether or not a claim is preserved, the standard is whether the petitioner fairly presented the substance of his claim to the state's highest court. That is the standard. And the reason that is is so that the state's highest court has the opportunity to address the issue. Well, here, if you look at the Habeas Court's opinion, that happened. The Habeas Court said that the sentencing court declined to exercise its discretion to commute or suspend the sentence in Pinckney's case after considering, and she says what it is that she considered. She says, I considered the circumstances of the crime, criminal history, age, and mitigating evidence. So the state Habeas Court knew the sufficiency of the hearing was at issue. She said what she did. She reported what she did. And the district court correctly said that that was just not enough. Well, is your position that the sufficiency of the hearing was at issue because Mr. Pinckney raised it or because you say there's a separate Miller requirement that it be considered? I'm sorry, Your Honor. Could you repeat that question? Are you saying that the state sentencing court considered those matters because Mr. Pinckney specifically identified a deficiency in the sentencing hearing to the court or because there's an independent obligation on it under Miller as you see it? Well, when you're saying the state court, I'm assuming you're talking about the Habeas Court. Correct. The Habeas Court concluded. Well, actually the sentencing court and the Habeas Court because the Habeas Court has to look at what the sentencing court did. What the sentencing court did was it did exactly what it does in every other case. There was no distinction with what the state court did, sentencing court did, between how it would review the pre-sentence report and the basic mitigation evidence that an adult offender would be. Okay. That's not my question. What I'm asking you is, are you saying that Mr. Pinckney himself specifically raised an issue about the sufficiency of the hearing, separate and apart from it being his view that it was a mandatory life sentence that was not required, versus an independent obligation, as you read Miller, to have a specific format of hearing? I would submit that Mr. Pinckney's entire argument was related to the fact that his sentencing hearing was deficient under Miller. And how do you know that? How do you know that that's what he was arguing? He was arguing twofold. And, again, it wasn't either or. Hold on. But back to Judge Agee's question. Yes. It appears that it doesn't, under your theory, it doesn't matter what he argued, but that Miller imposed an independent obligation on this trial court to comply with its dictates. So if your client had stood there silently, the court would have had a requirement to engage in its own investigation as to the particulars of this defendant. Is that what you're saying? Are you talking about the Habeas Court? If Mr. Pinckney had not raised in his Habeas petition that he needed a new sentencing hearing because the mitigating factors of his youth and all the attendant characteristics were not addressed, would the Habeas Court have had to address that? Probably not. Probably not. The issue is the argument there would be that he waived it if he didn't mention Miller. That's correct. Okay. But Miller does set forth an independent obligation. And that's for the sentencing court. That is for the sentencing court. Right. And when the sentencing court judge, who was also the Habeas judge, looked at what she did, she knew. I think you're making this more complicated than maybe the question is. Yes. So the question is, does he – what does he have to do if he didn't mention Miller? He never says Miller at all. We would regard the argument as waived, right? I would agree with you. Okay. So if he says Miller, then does Miller impose two obligations? Yes. So if he had not said anything more, then I want a new – I am entitled to habeas relief under Miller. That would have been sufficient. Yes. And it's because, as you just correctly pointed out, Miller has a two-prong test. First you look to see is it a mandatory sentencing scheme. And if it is, it fails immediately under Miller. If it's not a mandatory sentencing scheme, and Virginia is suggesting that it's not, if it's discretionary, then the court still has to look to see were the factors cited by Miller adhered to. Do you have a case that says I say the magic words Miller and that's enough? Well, Judge Allen explained in her opinion. Well, her case is before us. I'm talking about a case that actually means, and I don't mean to disparage the district court, but a case that either binds us or informs our analysis besides Judge Miller. And that's why I was asking you about those cases that came back from the Supreme Court. It seemed to me that there the trial court and the habeas record was even thinner, if you will, in spelling out this second requirement, relying on the second requirement of Miller. But if you don't know anything about them, it's not helpful. I don't have them in front of me, and I would be happy, Your Honors, to submit those cases. There's multiple cases in the federal system which have held that second prong as a requirement. You can't just, and if that's what you're asking me. Now, I think we're still, I think, if my colleagues can correct me, on the preservation argument. Not what Miller requires, but whether this argument with respect to the second prong of Miller was adequately enough made or before the sentencing court. I understand your question, and I don't know, as I'm standing here right now, I cannot cite two cases in which the preservation issue was raised and a court said in this context that on a record different or less than in this case that it didn't matter. It was probably a moot point going forward because of Montgomery, but Montgomery wasn't around at the relevant time. Well, that's correct. And so what the law is on the court, the federal court, and the Fourth Circuit has held this. Federal court can look to decisions after, here Miller, for guidance about Miller's application. But we don't get there unless, because I agree with you that Miller requires this. But the question is, did your client do enough to invoke that second prong of Miller? I mean, the court talks about two prongs. I think absolutely. It spends a long time on the second one. Right. I think absolutely. The question is that he absolutely did preserve it. It was sufficiently raised. He specifically itemized items that the court should have considered. That he said, as Judge Agee points out, that he said if the court had been able to, the court should have considered X, Y, and Z. It's obvious that what Mr. Pinkney is saying is the court didn't consider X, Y, and Z, and specifically didn't consider the factors, his possibility of rehabilitation, appreciation of risk and consequences, and peer pressure of this older woman on what she wanted. Well, let me ask you this. If we agree with you that the claim was preserved, what about the merits? Was there a violation of clearly established law in analyzing this claim, understanding that Montgomery was not the law at the time that the circuit court considered this issue? Absolutely. First of all, if you look through the opinion, the district court's opinion, everything that the district court talks about in terms of what was violated, the district court cites Miller. It also cites Montgomery. It does cite Montgomery. In almost every instance. Let me give you an example. It cites Montgomery citing Miller. So that's the distinction. And I can give you record cites for that. We can read that. We can read where the district court said, clarified by Miller. No, where it's quoting Miller. Clarified by Montgomery, as explained by Montgomery, as clarified by Montgomery. Because that doesn't help you. Because that's not an incorrect. It may be viewed in hindsight as incorrect, but your standard is not was it an incorrect consideration of law, but was it objectively unreasonable? Two different things. Right. May I? I'm out of time. May I answer your question? Yes. So there's two components to my answer. The first is that I want to be clear that the court understands that in reaching its conclusion, the district court stated items directly from Miller, quotes from Miller. For example, the district court stated, the trial court gave no indication that it was guided by the fundamental principle required before sentencing a juvenile to life without parole, specifically how children are different and how those differences counsel against irrevocably sentencing them to a lifetime in prison. That's at JA Joint Appendix 714. And it's quoting Miller, 142 Supreme Court of 2469. Here's another example. I mean, I could go on. How do you explain, though, the district court says, this court is compelled to find the state court misapplied the governing legal principles in Miller, as clarified by Montgomery? Well, I understand that the court said that, but if you look specifically at what the court held, what District Judge Allen held, you will find everything she held, if it's in Montgomery, the items that she, and I can go through. I have a long list here, a laundry list that I could read to you. I know I'm out of time. But if you look at the district court, the Joint Appendix 714, 717, 716, more on 717, they're all based on Miller. The judge's opinion was based on Miller. But there's one more component to my answer. Let me ask you this. I don't want to prolong this unnecessarily. Yes. But the beginning of the district court's discussion, she says, in light of Montgomery's clarification of the process required by Miller, the trial court clearly failed to make the constitutionally required individualized determination. At the end of the day. It seems like to me that there's this linkage at every determination tied to Montgomery. At the end of the day, it does not matter, and here's why. I disagree. I think if your honors actually look at everything that is cited by the district court judge, in terms of coming to her conclusion, you will see that she's quoting from Miller. However, even if she relied on Montgomery, this court in LeBlanc v. Mathena, Fourth Circuit Court, 2016 U.S.A. Applexus 241 said, the federal court is permitted to look at decisions here, including Montgomery, which postdated the state habeas adjudication for guidance regarding the interpretation of clearly established Supreme Court of the United States precedents. And that is also the case in Frazier v. South Carolina, another Fourth Circuit opinion that held that. And the United States Supreme Court says the same thing in Wiggins v. Smith. So the argument that Montgomery cannot be considered to inform the district court as to Miller's proper interpretation or application is just wrong under the Fourth Circuit's own law. But looking at the exact quotes from the district court's opinion, it all derives from Miller. So we would ask, Your Honors, that you affirm the district court's opinion and holding and allow Mr. Pinkney the sentencing hearing under Miller to which he is entitled. Thank you very much. Thank you. Sorry.  Please, the Court. Taking for this portion that the issue is probably before the district court and this court as to what the sentencing court was required to do and what it did, we'd submit that under Miller there's no question that the sentencing court gave Mr. Pinkney the, as Miller said, opportunity to consider mitigating circumstances before imposing the life sentence. The quote the district court takes from Miller about demanding individualized sentencing, demanding is not actually an adjective, it's the verb there, the precedence demanding simply an individualized sentencing. Because the constitutional infirmity Miller was concerned with was that there be an opportunity, that it consider mitigating evidence. It gave examples of reasons why juveniles are particularly needful of this individualized sentencing and why they would apply for life sentence individuals, even though they're not a constitutional requirement for life sentences for adults. But it didn't create a checklist. Miller provided a procedure, not a result, and required that opportunity for individualized sentencing. It would be an unworkable rule if you gave a defendant carte blanche to put on anything, his counsel in professional judgment thought would be helpful to the court in finding a reason to sentence him to less than life. And then the court's decision of that is somehow infirm because the court didn't take over the case from counsel and require them to put on other evidence that counsel didn't think was going to be helpful. The factors that the district court cites do lift phrases from Miller, as did Montgomery. Are those phrases holdings or dicta? They are not the holding of Miller. They're the reasoning in Miller, but they're not the holding of Miller. So the district court was wrong in suggesting that the trial court needs to sort of tick off the factors in order to comply with Miller? In order to comply with Miller, yes. I think after Montgomery, there's a different analysis required. But as Justice Scalia pointed out in his dissent to Montgomery, even though the majority opinion in Montgomery also lifts phrases from Miller to argue that we've already held this in Miller, Justice Scalia does it far better than I can, dissect how even though they're accurate quotes from Miller, they don't represent the holding of Miller. And the fact that there's that much division in Montgomery in a case that was taken to answer questions that were raised by Miller simply shows that there was a range of reasonable interpretations of Miller possible at the time the habeas court made its decision. And its holding that the sentencing hearing complied with Miller's only express requirement, this opportunity to consider mitigating evidence, is not an unreasonable application of clearly established federal law at the time the habeas court came through. Even the South Carolina case that the district court spends time discussing, which also cites Miller but adds its own gloss to it, was not a decided decision until the habeas case was done in the circuit court. So what the district court also did not. Counsel, because I'm not, the LeBlanc case where she suggests that we have held that it's perfectly appropriate to look to subsequently decide at Supreme Court cases that put a gloss on earlier precedent, is that accurate? I have not read LeBlanc recently, so I'll have to caveat that my recollection may not be precise. But my recollection of what I think that discussion referenced was the same decisions that White and Woodall, the Supreme Court, had made. It's a distinction that if you, in a previous case, have held that a Supreme Court case was or was not clearly established law at the time of the decision, you can look to the prior decisions of this court to find a holding of what was clearly established federal law, but you can't look to holdings of this court construing those cases in federal criminal cases or other contexts as themselves being clearly established federal law. All right. The other thing the district court did not acknowledge, much less explain, is that one of the findings the habeas court made, in addition to listing certain of the factors it considered in an individualized sentencing, as Mill required, was its holding that the sentencing court, quote, did exactly what Miller requires. That's a conclusion of law and a finding of fact that the district court owes some deference to. It wasn't even acknowledged that they'd made that finding, much less any reason given by the district court why it shouldn't be given deference and why it shouldn't be a finding that they, in fact, considered whatever Miller requires. Arguments have been made by other counsel that Miller was available to the habeas court. They knew what it required. They should have stated how they complied with Miller. The habeas court did, in those exact words, that the sentencing complied with Miller. But as we've argued in the brief, Miller itself is a general standard. If Montgomery shows us anything, it's that it's susceptible of a wide interpretation. The habeas court's interpretation of Miller, as it applied in this case, is not an unreasonable application of clearly established federal law at the time it made its decision. So for the reason we argued when I was at the podium before, I don't believe the question of the sufficiency of the hearing is properly before the district court or part of this case. But should the court reach it, I think the state habeas court's holding that it complied and the record of what actually was done at the hearing, granted on the defendant's motion to consider whatever mitigating evidence his counsel thought was appropriate to marshal, certainly complies with the general standard that existed at the time the state habeas court entered its ruling. And for those reasons, I'd argue that the district court erred in sustaining what it characterized as the second objection. For the reasons it sustained, it overruled the third objection to the magistrate judge's report, should find that habeas relief is not granted, and for the reasons stated in the magistrate judge's report, deny relief. Thank you very much. We note that we have some students with us today. We're very happy to have you with us. And you heard a very complicated and difficult issue argued, and I hope you have some answers, and I hope we do too. I'll ask the clerk to adjourn court, and then we'll come down and greet the lawyers. This honorable court stands adjourned until this afternoon. God save the United States and this honorable court.
judges: Diana Gribbon Motz, G. Steven Agee, Albert Diaz